UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LORI MCGRATH, | Case No. 2:19-CV-36 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is Liberty Mutual Fire Insurance Company's ("defendant") motion for summary judgment. (ECF No. 23). Lori McGrath ("plaintiff") filed a response (ECF No. 30), to which defendant replied (ECF No. 33).

I.  **Background**

The instant action involves a dispute regarding plaintiff's eligibility for uninsured motorist insurance benefits. (ECF No. 1-1). Plaintiff was a passenger in non-party Richard McCann's car. (ECF No. 23 at 4). McCann had an insurance policy through non-party State Farm. *Id.* Non-party Michael Honma—who was also insured by State Farm—struck plaintiff and McCann. (ECF No. 30 at 5). State Farm paid plaintiff $25,000 under Honma's liability insurance and another $100,000 under McCann's underinsured-uninsured coverage. *Id.*

Plaintiff had two insurance policies with defendant, which included underinsured motorist insurance benefits, each with a $100,000 limit. (ECF No. 1-1 at 3). Plaintiff's policy included the following "other insurance" provision:

> **OTHER INSURANCE IF THERE IS OTHER APPLICABLE INSURANCE AVAILABLE UNDER ONE OR MORE POLICIES OR PROVISIONS OF COVERAGE:**

**1. ANY RECOVERY FOR DAMAGES UNDER ALL SUCH POLICIES OR PROVISIONS OF COVERAGE MAY EQUAL BUT NOT EXCEED THE HIGHEST APPLICABLE LIMIT FOR ANY ONE VEHICLE UNDER ANY INSURANCE PROVIDING COVERAGE ON EITHER A PRIMARY OR EXCESS BASIS.**

(ECF No. 23 at 5 (emphasis in original)). Plaintiff filed a claim for uninsured motorist benefits with defendant. (ECF No. 1-1 at 6). Defendant denied coverage due to the $100,000 uninsured motorist payment plaintiff received from State Farm. (ECF No. 23 at 5).

Plaintiff filed the instant action in state court on November 26, 2018, alleging five causes of action: breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory judgment, bad faith punitive damages, and intentional infliction of emotional distress. (ECF No. 1-1). Defendant removed the case to this court on January 1, 2019. (ECF No. 1).

On May 13, 2019, the court dismissed plaintiff's declaratory judgment, bad faith punitive damages, and intentional infliction of emotional distress claims. (ECF No. 18 (granting defendant's motion to dismiss in part)). Defendant now moved for summary judgment on plaintiff's two remaining claims. (ECF No. 23).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

### III. Discussion

"A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). "An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary, unfair acts by one party that disadvantage the other." *Frantz v. Johnson*, 999 P.2d 351, 358 n.4 (Nev. 2000). In order to prevail on a bad-faith claim in the insurance context, a plaintiff must show "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (quotation marks, ellipses, and citation omitted).

The parties agree that the dispositive question before the court is whether plaintiff is entitled to underinsured motorist benefits, the "other insurance" provision in her policy and the $100,000 payment from State Farm notwithstanding. (*See generally* ECF Nos. 23; 30). Defendant's most availing argument is that plaintiff is entitled to such benefits because her "[p]olicy was provided on an excess basis, not on a primary basis, as the State Farm coverage was purportedly rendered." (ECF No. 30 at 14). Thus, by defendant's estimation, defendant "was required to pay its proportional share of what was owed in ***excess coverage,*** and because it was the only insurer with excess coverage liability in this matter, it was required to pay all the excess liability—up to its limit of $100,000." *Id.*

- 4 -

Defendant's argument falls short in light of the unambiguous language of plaintiff's policy. The policy's "other insurance" provision specifically provides that plaintiff may not recover for damages in excess of the highest applicable limit "on either a primary or excess basis." (ECF No. 23 at 5). Both McCann's State Farm policy and plaintiff's policy had a $100,000 policy limit. *Id.* at 4. Plaintiff concedes that State Farm paid her its $100,000 policy limit. (ECF No. 30 at 5). Accordingly, defendant was under no obligation to pay plaintiff any amount under the policy.

Thus, summary judgment is appropriate as to plaintiff's breach of contract claim. Because defendant properly denied coverage, there is not an "absence of a reasonable basis for denying benefits," and summary judgment is also appropriate as to that claim. *See Falline*, 823 P.2d at 891. The court grants defendant's motion in full.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 23) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment and close the case accordingly.

DATED March 23, 2020.

_____
UNITED STATES DISTRICT JUDGE